**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Jeffrey Caron, et al., ) | No. CV-09-02600-PHX-NVW |
| ) | |
| Plaintiffs, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| QuicKutz, Inc., ) | |
| ) | |
| Defendant. ) | |
| ) | |

Before the Court is "Defendant QuicKutz's Renewed Motion to Stay Litigation Pending Outcome of Reexamination Involving Patent No. 7,469,634 Based on the USPTO's Granting of the Request for ex Parte Reexamination." (Doc. 74.) The Court will grant a stay with conditions.

This Court has inherent power to grant a stay in the interests of justice. *Procter & Gamble Co. v. Kraft Foods Global, Inc.*, 549 F.3d 842, 848 (Fed. Cir. 2008). Courts considering a stay pending patent reexamination generally inform their judgment by considering the following questions: "(1) whether a stay will simplify the issues in question and trial of the case; (2) whether discovery is complete and whether a trial date has been set; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party." *Medicis Pharm. Corp. v. Upsher-Smith Labs., Inc.*, 486 F. Supp. 2d 990, 993–94 (D. Ariz. 2007).

1    In this case, it appears likely that a stay will simplify the issues in question and
2 potential trial. The PTO's non-final office action, dated October 22, 2010, rejects all 47
3 claims of the Caron patent. (*See* Doc. 89-1.) The PTO may change its position, *see In re
4 Bass*, 314 F.3d 575, 577 (Fed. Cir. 2002) ("Until a matter has been completed, . . . the PTO
5 may reconsider an earlier action."), but the Court presumes that an all-inclusive non-final
6 rejection suggests that the PTO will finally reject at least some claims. Such rejection would
7 simplify the issues in this litigation.

8    The parties have not completed discovery, nor has the Court set a trial date. Instead,
9 the parties are in the middle of fact discovery, which the scheduling order permits through
10 May 9, 2011. The scheduling order permits expert discovery through July 28, 2011. (*See*
11 Doc. 40 as amended by Doc. 72.) Given that these dates remain relatively far in the future,
12 the Court finds that the current request for a stay is not an eleventh-hour attempt to thwart
13 a trial or some other important proceeding.

14    Whether a stay would unduly prejudice or present a clear tactical disadvantage to
15 Plaintiffs is a more difficult question. When defendants move for a stay pending
16 reexamination, they almost always intend such a stay to prejudice plaintiffs and hand them
17 a tactical disadvantage. So the question is whether the prejudice is "undue" or whether the
18 tactical disadvantage is "clear."

19    On balance, the Court finds no undue prejudice or clear tactical disadvantage to
20 Plaintiffs. Although the PTO's pledge to reexamine the Caron patent with "special dispatch"
21 is boilerplate drawn from a statutory requirement, *see* 35 U.S.C. § 305 ("All reexamination
22 proceedings . . . will be conducted with special dispatch . . . ."), it appears that the PTO has
23 moved more quickly than usual on this reexamination. Therefore, the likelihood that
24 Plaintiffs must wait an inordinate amount of time to vindicate their rights (should the PTO
25 confirm some claims, and should a jury find those claims valid and infringed) is diminished.
26 In addition, the PTO's (thus far) rapid handling of this reexamination undermines Plaintiffs'
27 previous estimates of the damages that may accrue during a stay period, given that Plaintiff
28

- 2 -

1 based those calculations on the assumption of a 24-month reexamination and a 36-month
2 appeal period. (*See* Doc. 52 at 5; Doc. 85 at 5.)

3   IT IS THEREFORE ORDERED that "Defendant QuicKutz's Renewed Motion to
4 Stay Litigation Pending Outcome of Reexamination Involving Patent No. 7,469,634 Based
5 on the USPTO's Granting of the Request for ex Parte Reexamination" (Doc. 74) is
6 GRANTED.

7   IT IS FURTHER ORDERED that this action is STAYED pending the PTO's
8 reexamination of the patent-in-suit.

9   IT IS FURTHER ORDERED that the parties shall file a joint status report within three
10 business days of any final office action from the PTO.

11   IT IS FURTHER ORDERED that the parties shall submit a joint status report on
12 March 30, 2011, if the PTO has issued no final office action by that time.

13   DATED this 15th day of December, 2010.

_____
Neil V. Wake
United States District Judge