**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Jeffery Caron and Spellbinders Paper Arts Company, LLC, an Arizona limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>QuicKutz, Inc., a Utah corporation,<br><br>Defendant. | No. CV-09-02600-PHX-NVW<br><br>**ORDER** |

Before the Court is QuicKutz's Motion for Reconsideration of Claim Construction Order or in the Alternative Motion for Clarification of Claim Construction Order [Dckt. No. 176] (Doc. 186).

QuicKutz contends that the Court erred by including the phrase "intended to be used for" or "intended to be used to" in the following constructions:

- "embellishing template" (claims 28, 35) shall be construed as "a die having features intended to be used for cutting, embossing, and/or stenciling on sheet media";
- "embellishing wall" (claim 28) shall be construed as "a solid projection from the body of the die or template intended to be used to form an embossed impression in sheet media, or to cut sheet media, or both"; and
- "media embossing aperture" (claim 18) shall be construed as "an opening in the die capable of, and intended to be used for, embossing sheet media."

(Doc. 176.) For each of these terms, Spellbinders' proposed constructions included the adjective "predetermined" to modify "shape" or "pattern." The Court found that "the entire thrust of the patent is that these openings have intentionally defined shapes, and that an end-user would purchase a die because the user can emboss[, cut, or stencil] the die's intentionally defined pattern into paper or similar materials." (*Id.*) However, the Court also found that "predetermined" does not adequately exclude other intentional features that may also be capable of forming random or inadvertent cutting, embossing, or stenciling, even though not intended for that purpose. (*Id.*)

First, QuicKutz contends that intent cannot be the basis for determining infringement or anticipation. Plaintiffs agree that the intent to infringe is not an element of proving infringement or anticipation.

QuicKutz also contends that because the term "media embossing aperture" is recited functionally, not structurally, "the appropriate inquiry is whether an aperture is capable of embossing, not whether the aperture was intended to emboss." However, both parties agree that a patent applicant is free to recite features of an apparatus either structurally or functionally and may assume the risks associated with defining an element functionally. *See In re Schreiber*, 128 F.3d 1473, 1478 (Fed. Cir. 1997).

Relying on authority applying the doctrine of equivalents, QuicKutz further contends that a system can infringe if it is *capable of* performing an infringing function even if the infringing function is not an intended use of the system. *See Intel Corp. v. U.S. Int'l Trade Comm'n*, 946 F.2d 821, 832 (Fed. Cir. 1991); *Vulcan Eng'g Co. v. Fata Aluminum, Inc.*, 278 F.3d 1366, 1375 (Fed. Cir. 1990) ("When the claimed function is performed in the accused system, by the same or equivalent structure, infringement of that claim element is established."). Here, however, replacing "intended to be used for" with "capable of" would make the constructions overbroad because almost any tangible object is capable of making some accidental or unintended cut, mark, or three-dimensional impression in paper or card stock. In the context of the '634 Patent,

therefore, it is inappropriate to use the phrase "capable of" instead of "intended to be used for" in the constructions of the terms "media embossing aperture," "embellishing template," and "embellishing wall." *See Koito Manuf'g Co., Ltd. v. Turn-Key-Tech, LLC*, 381 F.3d 1142, 1150 n.2 (Fed. Cir. 2004) (noting that an element of forethought and planning was "a logically essential part of the patent").

Second, QuicKutz contends that a claim term is indefinite if intent is required. More specifically, QuicKutz contends that the disputed constructions including the phrase "intended to be used for" are indefinite because they lack an objective standard.

A patent specification must "conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the inventor or a joint inventor regards as the invention." 35 U.S.C. § 112(b). "[C]laims are construed as one skilled in the art would understand them in light of the specification of which they are a part." *Oakley, Inc. v. Sunglass Hut Int'l*, 316 F.3d 1331, 1340-41 (Fed. Cir. 2003). "[A] patentee need not define his invention with mathematical precision in order to comply with the definiteness requirement." *Id.* at 1341. The definiteness requirement "does not compel absolute clarity," and "[o]nly claims 'not amenable to construction' or 'insolubly ambiguous' are indefinite.'" *Datamize, LLC v. Plumtree Software, Inc.*, 417 F.3d 1342, 1347 (Fed. Cir. 2005). "Whether a claim is invalid for indefiniteness requires a determination whether those skilled in the art would understand what is claimed when the claim is read in light of the specification." *Morton Int'l, Inc. v. Cardinal Chem. Co.*, 5 F.3d 1464, 1470 (Fed. Cir. 1993); *see also SmithKline Beecham Corp. v. Apotex Corp.*, 403 F.3d 1331, 1340-41 (Fed. Cir. 2005) (the test for indefiniteness depends on whether the claim delineates to a skilled artisan the bounds of the invention). To be definite, however, "[t]he scope of claim language cannot depend solely on the unrestrained, subjective opinion of a particular individual purportedly practicing the invention," but must provide some objective standard. *Datamize*, 417 F.3d at 1350.

Here, the constructions using the phrase "intended to be used for" are not ambiguous or without objective standard. As previously found, "the entire thrust of the patent is that these openings have intentionally defined shapes, and that an end-user would purchase a die because the user can emboss[, cut, or stencil] the die's intentionally defined pattern into paper or similar materials." It is not necessary to decide who must exhibit the requisite intent, when intent is determined, whether intent can change, and what showing is required to establish intent. It can be determined objectively whether a person skilled in the art would conclude that a die has an opening or projection that will cut, emboss, and/or stencil in an intended shape or pattern.

IT IS THEREFORE ORDERED that QuicKutz's Motion for Reconsideration of Claim Construction Order or in the Alternative Motion for Clarification of Claim Construction Order [Dckt. No. 176] (Doc. 186) is denied.

Dated this 16th day of October, 2012.

_____
Neil V. Wake
United States District Judge