**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Jeffery Caron and Spellbinders Paper Arts Company, LLC, an Arizona limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>QuicKutz Inc., a Utah corporation,<br><br>Defendant. | No. CV-09-2600-PHX-NVW<br><br>**ORDER** |

Before the Court is QuicKutz's Motion for Exceptional Case Finding and Award of Attorney Fees and Expenses (Doc. 215). QuicKutz seeks an award of attorney fees and non-taxable costs in the amount of $449,788.73.

**I.     BACKGROUND**

On November 13, 2012, judgment was entered in favor of Defendant QuicKutz, Inc., and against Plaintiffs James Jeffrey Caron and Spellbinders Paper Arts Company, LLC, on Plaintiffs' complaint and QuicKutz's counterclaim. (Doc. 211.) The judgment declared that U.S. Patent No. 7,469,634 ("the '634 Patent") is unenforceable. (*Id.*)

By separate order issued the same day, the '634 Patent was held unenforceable for misconduct before the United States Patent & Trademark Office ("PTO") under the inequitable conduct doctrine. (Doc. 210.) The Court found that QuicKutz had shown the following by clear and convincing evidence:

1. Plaintiffs misrepresented to the PTO Michael Dywan's status as a joint inventor, inventorship is material, and Plaintiffs intended to deceive the

          PTO by submitting inventorship information that suited their current interests without regard for its truthfulness.

2.   Plaintiffs submitted to the PTO declarations without disclosing three of the declarants had financial relationships with Spellbinders, misled the PTO regarding the qualifications of two other declarants, the qualifications and financial relationships were material, the PTO relied on the declarations, and Plaintiffs intended to deceive the PTO.

3.   Caron misrepresented his knowledge of chemical etching either to the PTO or during deposition and misrepresented to the PTO his knowledge of the teachings of an earlier patent, Caron's 2011 declaration is an affirmative act of egregious misconduct, and Plaintiffs intended to deceive the PTO by submitting the declaration.

(*Id.*) This action also was dismissed with prejudice under the Court's inherent power as remedy for discovery misconduct by Plaintiffs upon specific factual findings, including that Plaintiffs delayed production and/or failed to preserve evidence essential for fair adjudication and that "Plaintiffs' pattern of deception and discovery abuse make it impossible to conduct a trial with any reasonable assurance that the truth will be available." (*Id.*)

QuicKutz seeks an award of attorney fees under 35 U.S.C. § 285 and, alternatively, under the Court's inherent powers. Because the Court will award fees under 35 U.S.C. § 285, it is not necessary to consider awarding fees under the Court's inherent powers.

**II.   ANALYSIS**

In patent infringement actions, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. Deciding whether to award attorney fees under § 285 requires a two-step inquiry: (1) whether the prevailing party has proved by clear and convincing evidence that the case is exceptional, and, if so, (2) whether an award of attorney fees is justified. *MarcTec, LLC v. Johnson & Johnson*,

664 F.3d 907, 915-16 (Fed. Cir. 2012). It is undisputed that QuicKutz is the prevailing party in this action.

### A. This Is an Exceptional Case.

Whether a case is exceptional under § 285 is decided under Federal Circuit law. *Power Mosfet Techs., LLC v. Siemens AG*, 378 F.3d 1396, 1407 (Fed. Cir. 2004). "A case may be deemed exceptional when there has been some material inappropriate conduct related to the matter in litigation, such as . . . fraud or inequitable conduct in procuring the patent, misconduct during litigation . . . ." *Brooks Furniture Mfg., Inc. v. Dutailier Int'l, Inc.*, 393 F.3d 1378, 1381 (Fed. Cir. 2005). "Although a finding of inequitable conduct or 'fraud in the Patent and Trademark Office' is often a basis for a district court to find that a case is 'exceptional,' it is not a prerequisite to an award of attorney fees under § 285." *Standard Oil Co. v. American Cyanamid Co.*, 774 F.2d 448, 455 (Fed. Cir. 1985). "[T]here is no per se rule of exceptionality in cases involving inequitable conduct," but the lack of such a rule "does not mean that inequitable conduct is insufficient for a finding of an exceptional case." *Nilssen v. Osram Sylvania, Inc.*, 528 F.3d 1352, 1358 (Fed. Cir. 2008).

The Court has found by clear and convincing evidence that Plaintiffs made multiple, material misrepresentations with the intent to deceive the PTO and declared the '634 Patent unenforceable under the inequitable conduct doctrine. In addition, the Court has found sufficient evidence of Plaintiffs' discovery misconduct to exercise its inherent power to terminate Plaintiffs' complaint as remedy for Plaintiffs engaging "deliberately in deceptive practices that undermine the integrity of judicial proceedings." *See Anheuser-Busch, Inc. v. Natural Beverage Distribs.*, 69 F.3d 337, 348 (9th Cir. 1995). Based on these findings, the Court finds this case to be "exceptional" under § 285.

### B. An Award of Attorney Fees Is Justified.

Federal Circuit case law "provides wide discretion to district courts; courts may award attorney fees in inequitable conduct cases, but are not required to do so." *Nilssen*, 528 F.3d at 1358. "In determining whether to award attorney fees, courts must weigh

factors such as degree of culpability, closeness of the questions, and litigation behavior." *Id.* at 1359 (district court was within its discretion to award attorney fees where it weighed the evidence before it and determined that litigation misconduct and inequitable conduct were sufficient grounds to award fees to prevent a gross injustice). In an inequitable conduct case, the district court may award all of the fees reasonably incurred defending against an infringement lawsuit because the accused infringer would not have incurred any of the fees if the patentee had not committed inequitable conduct in pursuit of its patent and had not filed a claim for infringement of the improperly obtained patent. *Brasseler, U.S.A. I, L.P. v. Stryker Sales Corp.*, 267 F.3d 1370, 1386 (Fed. Cir. 2001).

Here, the Court held Plaintiffs' patent unenforceable upon finding by clear and convincing evidence that they made multiple, material misrepresentations with the intent to deceive the PTO. The Court also terminated Plaintiffs' complaint upon finding evidence of repeated, intentional litigation misconduct. The rulings were not close questions. But for Plaintiffs' inequitable conduct before the PTO and filing of this lawsuit, QuicKutz would not have incurred defense fees. Thus, the Court finds an award of attorney fees under § 285 is necessary to prevent a gross injustice and is justified.

**C.    The Amount of the Attorney Fees Award Is Reasonable.**

Federal procedural rules govern applications for attorney fees (including non-taxable costs) and taxable costs in this Court. LRCiv 54.2 requires a party seeking attorney fees and related non-taxable expenses to show eligibility, entitlement, and the reasonableness of the requested award. LRCiv 54.2(c)(3) provides a non-exclusive list of factors bearing on the reasonableness of the requested fee award, which the Court has considered. Based on the Court's lengthy commercial litigation experience and familiarity with fees charged in cases similar to this, the Court finds that the hourly rates charged in this case are at or below reasonable and market rates, and the fees awarded are reasonable in light of all the circumstances of the litigation.

As found above, QuicKutz has shown eligibility and entitlement under § 285. "The methodology of assessing a reasonable award under 35 U.S.C. § 285 is within the

discretion of the district court." *Automated Business Co. v. NEC America, Inc.*, 202 F.3d 1353, 1355 (Fed. Cir. 2000). The purpose of § 285 is to compensate the prevailing party for its expenses in the prosecution or defense of the suit, and it serves as a deterrent to improperly bringing clearly unwarranted patent infringement lawsuits. *Id.*

Plaintiffs object to almost all of the time and non-taxable cost entries for which QuicKutz seeks reimbursement.[1] They have identified their objections by reference to fifteen categories of objections.

Under Objection No. 1, Plaintiffs object to fees requested for preparation of QuicKutz's fee motion and memorandum because QuicKutz has not cited legal authority showing its entitlement to reimbursement for fees incurred preparing a fee application. Preparation of the fee application is part of legal services rendered in defense of Plaintiff's patent infringement litigation. QuicKutz is entitled to reimbursement for those services under § 285 for the reasons stated above.

Under Objection No. 8, Plaintiffs object to almost every time entry, contending that the entry does not comply with LRCiv 54.2(e)(1) and (2) because it fails to show the time devoted to each individual unrelated task per day and does not adequately describe the services rendered. Many of the entries to which Plaintiffs object adequately describe a service rendered that is combined with a conference, email, or telephone call described as "re same." Other entries objected to describe a series of plainly related tasks. QuicKutz's fee request will not be reduced on the basis of Objection No. 8.

Under Objection No. 15, Plaintiffs object to fees paid by Lifestyle Crafts LLC for legal services rendered on behalf of QuicKutz. In determining the amount of an award under § 285, courts are not limited to reimbursement of only those amounts actually paid by the injured named party. *Automated Business Co.*, 202 F.3d at 1356. Attorney fees

---

[1] QuicKutz asserts that "Plaintiffs argue that **97.65%** of the time incurred by QuicKutz in defending this action is objectionable" and "Plaintiffs have lodged in their opposition **2,126** distinct objections in response to 1,003 specific time entries." (Doc. 251 at 5.) The Court has not confirmed the specific counts.

may be awarded even if an unnamed party assumed the legal expenses for a named party. *Id.*

On June 25, 2010, substantially all of the assets of QuicKutz were sold to Lifestyle Crafts. In December 2011, Lifestyle Crafts began paying QuicKutz's legal expenses associated with defending this lawsuit, and those payments by Lifestyle Crafts were offset against the payments QuicKutz was entitled to receive for its assets. One firm that represented QuicKutz in this case invoiced Lifestyle Crafts for services it provided on behalf of QuicKutz in this case and for services provided on behalf of Lifestyle Crafts in *Caron et al. v. Lifestyle Crafts LLC*, No. CV-12-00124-PHX-NVW, in a combined invoice. Counsel for the firm has submitted a declaration stating that he reviewed each time entry and allocated each entry as appropriate between QuicKutz and Lifestyle Crafts; he also provided a spreadsheet showing how each time entry has been allocated. There is no reason to believe the allocation was not made in good faith. Further, because Plaintiffs have had opportunity to review QuicKutz's fee application concurrently with Lifestyle Crafts' fee application, there is little risk that both QuicKutz and Lifestyle Crafts will be reimbursed for the same expense. Therefore, QuicKutz's fee request will not be reduced on the basis of Objection No. 15.

Plaintiffs' Objection No. 14 is that certain time entries relate solely to the *Lifestyle Crafts* case, and those entries were allocated entirely to Lifestyle Crafts fees, not to QuicKutz's fees. It appears that Plaintiffs are not objecting to the entries, but merely drawing attention to the items related solely to the *Lifestyle Crafts* action to be sure they are not included in QuicKutz's fee request.

Under Objection No. 5, Plaintiffs object to about 70 time entries on the ground that the entry "[u]nreasonably splits time for tasks that are undifferentiated between the instant action and the *Lifestyle Crafts* action, which tasks also are not properly itemized." Four entries to which Plaintiffs raise Objection No. 5 are allocated entirely to QuicKutz. Others appear to be reasonably allocated in proportion to which tasks were performed on behalf of QuicKutz and which were performed on behalf of Lifestyle Crafts. Moreover,

as a practical matter, whether a portion of an item is included in the fee award against Plaintiffs in favor of QuicKutz or in the fee award against Plaintiffs in favor of Lifestyle Crafts should make little difference to Plaintiffs. QuicKutz's fee request will not be reduced on the basis of Objection No. 5.

The Court has considered Plaintiffs' other objections and finds them to be unpersuasive. Therefore, objections numbered 2, 3, 4, 6, 7, 9, 10, 11, 12, and 13 are rejected.

### D.   QuicKutz Has Waived Reimbursement of Taxable Costs.

LRCiv 54.1(e) identifies taxable items[2] that may be recovered by filing a bill of costs within fourteen days after the entry of final judgment, which QuicKutz did not do. These taxable items are not reimbursable under LRCiv 54.2, which applies to attorney fees and related non-taxable expenses. Thus, QuicKutz is not entitled to reimbursement for court fees ($230.00) paid by Stoel Rives, LLP or for non-taxable costs ($2,068.40)[3] paid by Phillips, Ryther Winchester. Nor is it entitled to the cost of its attorneys' pro hac vice applications ($100.00). Also, QuicKutz is not entitled to what is identified as a cost in the amount of $5,000.00 by Hill Johnson & Schmutz and described only as "legal fees." Therefore, QuicKutz will be awarded non-taxable costs in the amount of $21,479.33, which is $7,168.40 less than the amount requested. QuicKutz's total attorney fee award, which includes non-taxable costs, will be reduced $7,168.40 from the amount requested.

---

[2] Taxable items include Clerk's fees and service fees, the cost of original transcripts for trial, deposition costs, witness fees and expenses, the cost of certain paper copies and photographs, interpreter fees, docket fees, and fees paid to the state court clerk in removed cases.

[3] The fee application includes payments by Phillips, Ryther Winchester for service of process fees ($321.19), deposition costs ($1,664.76), and deposition transcript cost ($82.45).

1       IT IS THEREFORE ORDERED that QuicKutz's Motion for Exceptional Case Finding and Award of Attorney Fees and Expenses (Doc. 215) is granted in the amount of **$442,620.33**.

       IT IS FURTHER ORDERED that the Clerk enter judgment in favor of QuicKutz Inc., in the amount of **$442,620.33**, plus interest thereon at the rate of 0.17% per annum from the date of judgment until paid.

       Dated this 4th day of March, 2013.

_____
Neil V. Wake
United States District Judge